**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:  CASE NO.: 8:19-bk-11453-MGW
CHAPTER 7

**Kenneth Murray Rossman,**

    **Debtor.**

_____/

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
(*Final Judgment of Foreclosure Obtained*)

> **NOTICE OF OPPORTUNITY TO**
> **OBJECT AND REQUEST FOR HEARING**
>
> **Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.**
>
> **If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Suite 555, Tampa, Florida 33602 and serve a copy on the movant's attorney, Attorney for Secured Creditor, at Robertson, Anschutz & Schneid, PL, 6409 Congress Ave., Suite 100, Boca Raton, FL 33487, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing, or consider the response and grant or deny the relief requested without a hearing.**
>
> **If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

Secured Creditor, U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-D, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Kenneth Murray Rossman, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on December 3, 2019. Jurisdiction of this cause is granted to

the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

2. Secured Creditor hereby waives the requirements of 11 U.S.C. § 362(e). The automatic stay of any act against property of the estate under § 362(a) shall continue until this Court orders or the stay is otherwise terminated by operation of law.

3. Secured Creditor filed a foreclosure complaint against the Debtor(s) on July 22, 2015 in the Circuit Court for the Twelfth Judicial Circuit in and for Manatee County, Case Number: 41-2015-CA-003467, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property legally described as:

> A PORTION OF TRACT 41, IN SECTION 29, TOWNSHIP 35 SOUTH, RANGE 20 EAST, OF POMELLO PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 6, AT PAGE 61, OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> FROM THE SOUTHEAST CORNER OF SECTION 29, TOWNSHIP 35 SOUTH, RANGE 20 EAST, RUN NORTH 87 DEGREES 40'51" WEST, A DISTANCE OF 1346.59 FEET TO THE POINT OF BEGINNING; THENCE NORTH 88 DEGREES 44'41" WEST, A DISTANCE OF 193.72 FEET TO A POINT OF CURVATURE WITH A CURVE TO THE RIGHT HAVING A RADIUS OF 1275.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE TO THE RIGHT, A DISTANCE OF 137.02 FEET THROUGH A CENTRAL ANGLE OF 06 DEGREES 09'27" TO A POINT OF REVERSE CURVATURE WITH A CURVE TO THE LEFT HAVING A RADIUS OF 1325.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE TO THE LEFT, A DISTANCE OF 305.82 FEET THROUGH A CENTRAL ANGLE OF 13 DEGREES 13'27"; THENCE NORTH 00 DEGREES 05'48" EAST ALONG THE WEST LINE OF SAID TRACT 41, A DISTANCE OF 475.16 FEET; THENCE SOUTH 88 DEGREES 44'41" EAST, A DISTANCE OF 636.71 FEET; THENCE SOUTH 00 DEGREES 14'23" WEST, A DISTANCE OF 480.08 FEET TO THE POINT OF BEGINNING.

This property is located at the street address of: 7616 213th Street E, Bradenton, Florida 342002.

4. A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on May 10, 2018 in the amount of $755,687.32. A true and accurate copy of the Judgment attached hereto as Exhibit "B." The Judgment has not been satisfied by the Debtor(s).

5. The appraised value of the property is $325,416.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8). The subject property is also encumbered by additional liens in the amount of $734,455.21.

6. Based upon the Debtor(s)' schedules, the property is surrendered and claimed as non-exempt. The Trustee has not abandoned the property.

7. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

8. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

9. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

10. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

11. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

12. A Proposed Order accompanies this Motion. See Exhibit "C" attached hereto.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

Date: December 11, 2019

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969
By: /s/ Christopher P. Salamone
Christopher P. Salamone, Esquire
Florida Bar Number 75951
Email: csalamone@rasflaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 11, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and a true and correct copy has been served via CM/ECF or United States Mail to the following parties:

Kenneth Murray Rossman
7616 213th St. E
Bradenton, FL 34202

Maria D Boudreaux
Leaven Law
3900 First Street North #100
St. Petersburg, FL 33703

Douglas N Menchise
2963 Gulf to Bay Boulevard
Suite 300
Clearwater, FL 33759

United States Trustee - TPA7/13
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901
Facsimile: 561-241-1969
By: /s/ Christopher P. Salamone
Christopher P. Salamone, Esquire
Florida Bar Number 75951
Email: csalamone@rasflaw.com

**EXHIBIT "A"**

IN THE CIRCUIT COURT OF THE
TWELFTH JUDCIAL CIRCUIT,
IN AND FOR MANATEE, FLORIDA

CLERK CASE NUMBER: 41-2015-CA-003467

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR BANC OF AMERICA
FUNDING CORPORATION MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES
2006-D,
    Plaintiff,

vs.

KENNETH M. ROSSMAN; LARA V.
MANNING ROSSMAN ; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NONINEE FOR COUNTRYWIDE
HOME LOANS, INC. ; UNITED STATES OF
AMERICA, DEPARTMENT OF TREASURY;
ANY AND ALL UNKNOWN PARTIES
CLAIMING BY, THROUGH, UNDER, AND
AGAINST THE HEREIN NAMED
INDIVIDUAL DEFENDANT(S) WHO ARE
NOT KNOWN TO BE DEAD OR ALIVE,
WHETHER SAID UNKNOWN PARTIES MAY
CLAIM AN INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, OR OTHER
CLAIMANTS,
    Defendant(s).

FOR CLERK'S USE ONLY

FILED IN
OPEN COURT

MAY 10 2018

MANATEE COUNTY
CLERK OF CIRCUIT COURT
BY: _____
DEPUTY CLERK

## UNIFORM FINAL JUDGMENT *In Rem* OF MORTGAGE FORECLOSURE

*This form substantially complies with Form 1.996, adopted by the Florida Supreme Court, February 11, 2010, SC09-1579, and revised by the Florida Supreme Court on December 9, 2010, SC09-1579; form published in 12th Circuit on 4-5-10 and revised on 1/4/2011*

THIS action was tried before the Court. On the evidence presented

**IT IS ORDERED AND ADJUDGED** that Plaintiff's Final Judgment is **GRANTED** against all defendants listed by name: KENNETH M. ROSSMAN; LARA V. MANNING ROSSMAN ; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NONINEE FOR COUNTRYWIDE HOME LOANS, INC. ; UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY; .

15-033621 - TaM

Page 1 of 6

1. Plaintiff, c/o Nationstar Mortgage LLC d/b/a Mr. Cooper, 8950 Cypress Waters Blvd., Coppell, TX 75019, is due.

| | |
|---|---:|
| Principal: | $656,735.03 |
| Interest to this date of judgment: May 10, 2018 | $47,375.06 |
| Inspections | $460.00 |
| Hazard Insurance | $17,010.01 |
| Taxes | $13,948.13 |
| Legal Fees | $15,349.09 |
| • Filing Fees: $2,003.83 | |
| • Service of Process: $275.00 | |
| • Lis Pendens: $16.00 | |
| • Clerk Certified Copies: $4.00 | |
| • Mediation Cost: $225.00 | |
| • Non Resident Cost Bond: $111.76 | |
| • Title Update: $60.00 | |
| • Attendance at Court: $250.00 | |
| • Attorney Mediation Fee: $250.00 | |
| • Conciliation Conference: $250.00 | |
| • Paid Attorney Hourly Fees: $9,653.50 | |
| • Paid Flat Fee: $1,960.00 | |
| • Remaining Legal Fees: $290.00 | |
| Court Reporting Cost: | $95.00 |
| Attorneys' Fees: | |
|   Finding as to reasonable number of hours: 59.90 | |
|   Finding as to reasonable hourly rate: $215.00 | |
|   Total Attorney Hourly Fees: $12,878.50 | |
|   Outstanding Attorney Hourly Fees: $3,225.00 | |
|   Total Flat Fee: $3,450.00 | |
|   Outstanding Flat Fee: $1,490.00 | |
|   Outstanding Attorneys' Fee Total: | $4,715.00 |
| SUBTOTAL | $755,687.32 |
| TOTAL | $755,687.32 |

that shall bear interest at the rate of 5.72% a year.

2. Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in MANATEE County, Florida:

**A PORTION OF TRACT 41, IN SECTION 29, TOWNSHIP 35 SOUTH, RANGE 20 EAST, OF POMELLO PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 6, AT PAGE 61, OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED**

15-033621 - TaM

AS FOLLOWS:

FROM THE SOUTHEAST CORNER OF SECTION 29, TOWNSHIP 35 SOUTH, RANGE 20 EAST, RUN NORTH 87 DEGREES 40'51" WEST, A DISTANCE OF 1346.59 FEET TO THE POINT OF BEGINNING; THENCE NORTH 88 DEGREES 44'41" WEST, A DISTANCE OF 193.72 FEET TO A POINT OF CURVATURE WITH A CURVE TO THE RIGHT HAVING A RADIUS OF 1275.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE TO THE RIGHT, A DISTANCE OF 137.02 FEET THROUGH A CENTRAL ANGLE OF 06 DEGREES 09'27" TO A POINT OF REVERSE CURVATURE WITH A CURVE TO THE LEFT HAVING A RADIUS OF 1325.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE TO THE LEFT, A DISTANCE OF 305.82 FEET THROUGH A CENTRAL ANGLE OF 13 DEGREES 13'27"; THENCE NORTH 00 DEGREES 05'48" EAST ALONG THE WEST LINE OF SAID TRACT 41, A DISTANCE OF 475.16 FEET; THENCE SOUTH 88 DEGREES 44'41" EAST, A DISTANCE OF 636.71 FEET; THENCE SOUTH 00 DEGREES 14'23" WEST, A DISTANCE OF 480.08 FEET TO THE POINT OF BEGINNING.

Property Address: 7616 213TH ST E, BRADENTON, FL 34202

3. If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale as set forth below to the highest bidder for cash, except as prescribed in paragraph 4, in accordance with section 45.031, Florida Statutes, using the following method:

| Sales Information | Date [Clerk Inserts] | Time | Location |
|---|---|---|---|
| Sarasota County | | 9:00 am | Foreclosure sales conducted via Internet: www.sarasota.realforeclose.com |
| Manatee County | 9/7/18 | 11:00 am | Foreclosure sales conducted via Internet: www.manatee.realforeclose.com |
| DeSoto County | | 11:00 am | DeSoto County Courthouse 115 E. Oak Street, Arcadia, FL, 34266 www.desotoclerk.com |

4. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if Plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title. If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

5. On filing the certificate of title the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying; first all of plaintiff's costs; second, documentary stamps affixed to

15-033621 - TaM

the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

6. On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property. If any defendant remains in possession of the property, the clerk shall without further order of the court issue forthwith a writ of possession upon request of the person named on the certificate of title.

   NOTICE: Issuance of a writ of possession does not exempt plaintiff from complying with federal law requiring notice to tenants residing on foreclosed property. To insure compliance with federal law, Plaintiff should consult with counsel before serving the writ of possession.

7. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a ~~deficiency judgment (if sought and appropriate)~~, an award of attorney's fees and costs, writs of possession, orders granting leave to file supplemental and/or amended pleadings to add additional parties, and orders resolving any disputes with respect to assessments and/or other amounts allegedly due associations.

8. The United States of America shall have the right of redemption provided by 28 U.S.C. §2410(c) and, if it is the successful bidder at the foreclosure sale, it shall be allowed thirty (30) days to deliver a Treasury check to the Clerk of Court in payment of the amount of its bid. Further, the deposit required by Florida Statutes 45.021(2) shall be waived.

NOTICE PURSUANT TO §45.031, FLORIDA STATUTES (2006).

If this property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this Final Judgment.

If you are subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Clerk no later than sixty (60) days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

*If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the following additional language applies;*

If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any to which you are entitled. Please check with the Clerk of Court for your county within (10) days after the sale to see there is additional money from the foreclosure sale that the clerk has in the registry of the Court.

15-033621 - TaM

Page 4 of 6

| Sarasota County Clerk of Court | Manatee County Clerk of Court | Desoto County Clerk of Court |
|---|---|---|
| 2000 Main Street Sarasota, Florida 34327 (941) 861-7400 www.sarasotaclerk.com | 1115 Manatee Ave W Bradenton, FL 34205 (941) 749-1800 www.manateeclerk.com | 115 East Oak Street Arcadia, FL 34266 (863) 993-4878 www.desotoclerk.com |

If you decide to sell your home or hire someone to help you claim the additional money, you should read very carefully all papers you are required to sign, ask someone else, preferably an attorney who is not related to the person offering help to you, to make sure that you understand what you are signing and that you are not transferring your property or the equity in your property without the proper information. If you cannot afford to pay an attorney, you may contact the local legal services listed below to see if you qualify financially for their services. If they cannot assist you, they may be able to refer you to a local bar referral agency or suggest other options. If you choose to contact one of the services listed below, you should do so as soon as possible after the receipt of this notice.

| Sarasota County | Manatee County | DeSoto County |
|---|---|---|
| **Legal Aid of Manasota** Sarasota Office 1900 Main Street, Suite 302 Sarasota, Florida 34236 (941) 366-0038 Venice Office 7810 South Tamiami Trail Suite A6 Venice, Florida 34236 (941) 366-1746 **Gulfcoast Legal Services** 1750 17th Street, Bldg. 1 Sarasota, Florida 34236 (941) 366-1746 www.gulfcoastlegal.org | **Legal Aid of Manasota** 1101 6th Avenue West Bradenton, Florida 34205 (941) 747-1628 www.gulfcoastlegal.org **Gulfcoast Legal Servicese** 430 12th Street West Bradenton, Florida 34205 (941) 746-6151 www.gulfcoastlegal.org | **Fla. Rural Legal Services** 3210 Cleveland Avenue, Suite A Ft. Meyers, Florida 33901 (800) 476-8937 www.flrs.org |

**DONE AND ORDERED** in Chambers in Manatee County, Florida, this 10th day of May, 2018.

HONORABLE PRESIDING JUDGE

George K. Brown, Jr.
Senior Judge

Copies furnished to all parties on the attached service list.

15-033621 - TaM

Page 5 of 6

Inst. Number: 201841047615 Page 6 of 6 Date: 5/10/2018 Time: 3:34 PM
Angelina "Angel" Colonneso Clerk of Courts, Manatee County, Florida

Case 8:19-bk-11453-MGW   Doc 10   Filed 12/11/19   Page 12 of 17

## SERVICE LIST

Case No. 2015-CA-003467:

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
ATTORNEYS FOR PLAINTIFF
6409 CONGRESS AVE., SUITE 100
BOCA RATON, FL 33487
PRIMARY EMAIL: MAIL@RASFLAW.COM

CARMEN LUBBECKE, ESQ.
CARMEN LUBBECKE, ESQ.
ATTORNEY FOR KENNETH M. ROSSMAN
C/O CARMEN LUBBECKE, ESQ.
715 N. WASHINGTON BLVD., SUITE B
SARASOTA, FL 34236
PRIMARY EMAIL: LUBBECKELAW@LIVE.COM
SECONDARY EMAIL: CLPA1@LIVE.COM

CARMEN LUBBECKE, ESQ.
CARMEN LUBBECKE, ESQ.
ATTORNEY FOR LARA V. MANNING ROSSMAN
C/O CARMEN LUBBECKE, ESQ.
715 N. WASHINGTON BLVD., SUITE B
SARASOTA, FL 34236
PRIMARY EMAIL: LUBBECKELAW@LIVE.COM
SECONDARY EMAIL: CLPA1@LIVE.COM

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR
COUNTRYWIDE HOME LOANS, INC.
7616 213TH ST E
BRADENTON, FL 34202

UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY
400 N. TAMPA ST. SUITE 3200
TAMPA, FL 33602

**EXHIBIT "B"**

## Parcel Information

| | |
|---|---|
| Parcel ID | |
| Ownership: | ROSSMAN, KENNETH M; ROSSMAN, LARA V MANNING |
| Owner Type: | HUSBAND OR WIFE; SPOUSE |
| Mailing Address: | 7616 213TH ST E, BRADENTON FL 34202-8300 |
| Situs Address: | 7616 213TH ST E, BRADENTON FL 34202-8300 |
| Jurisdiction: | UNINCORPORATED MANATEE COUNTY |
| Tax District: | 0310; EAST MANATEE FIRE RESCUE |
| Market Area: | 18; EAST OF LAKEWOOD RANCH |
| Sec/Twp/Rge: | 29-35S-20E |
| Neighborhood: | 4655; PANTHER RIDGE |
| Subdivision: | 0330400; POMELLO CITY CENTRAL UNIT; LOT 41; PB 6/62 |
| Census | |
| Short Description: | A PORTION OF TRACT 41 SEC 29 POMELLO PARK, AS PER PLAT THEREOF REC IN PB 6 P 61, BEING MORE PARTICULARLY DESC AS FOLLOWS: FROM THE SE COR OF SEC 29 RUN N 87 DEG 40 MIN 51 |
| Zoning/Flood Info: | View this parcel on Manatee County's website |
| Land Use: | 0100; Single Family Residential (1554) |



**SLS**   EXM   BUS   ADR   INS

| Sale Date | Book / Page Instrument | Instrument Type | Vacant / Improved | Qualification Code | Sale Price | |
|---|---|---|---|---|---|---|
| 04/29/2005 | 2016 / 2803 | WD | I | 01 | 650,000 | ROSSMAN, KENNETH |
| 02/23/1998 | 1545 / 890 | DE | V | 01 | 79,900 | BOYLES, GARY E * |
| 01/01/1931 | 0 / 0 | UK | V | 11 | | PANTHER RIDGE CO |

**VAL**   LND   BLD   FEA   PER

| Tax Year | Homestead Exemption | Land Value | Improvements Value | Just/Market Value | Non-School Assessed Value | School Assessed Value | County Taxable Value | School Taxable Value | Municipal Taxable Value |
|---|---|---|---|---|---|---|---|---|---|
| 2019 | Yes | 178,800 | 277,175 | 455,975 | 325,416 | 325,416 | 275,416 | 300,416 | 275,416 | 4,435.77 | 275.76 |
| 2018 | Yes | 156,046 | 273,961 | 430,007 | 319,348 | 319,348 | 269,348 | 294,348 | 269,348 | 4,403.78 | 275.76 |
| 2017 | Yes | 156,046 | 268,192 | 424,238 | 312,780 | 312,780 | 262,780 | 287,780 | 262,780 | 4,088.99 | 275.76 |
| 2016 | Yes | 117,640 | 248,957 | 366,597 | 306,347 | 306,347 | 256,347 | 281,347 | 256,347 | 4,087.32 | 275.76 |
| 2015 | Yes | 112,104 | 241,122 | 353,226 | 304,217 | 304,217 | 254,217 | 279,217 | 254,217 | 4,152.78 | 275.76 |
| 2014 | Yes | 93,766 | 228,887 | 322,653 | 301,803 | 301,803 | 251,803 | 276,803 | 251,803 | 4,149.53 | 275.76 |

This site uses cookies to offer you a better browsing experience, analyze site traffic and personalize content. By continuing to use this site, you are consenting to the use of cookies. For details on how we use cookies, see our privacy policy.

OK   Privacy policy

**EXHIBIT "C"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

IN RE:                                                         CASE NO.: 8:19-bk-11453-MGW
                                                                              CHAPTER 7

**Kenneth Murray Rossman,**

      **Debtor.**

_____/

### ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

THIS CASE came on consideration without a hearing on U.S. Bank National Association, as Trustee for Banc of America Funding Corporation Mortgage Pass-Through Certificates, Series 2006-D's ("Secured Creditor") Motion for Relief from Stay (Docket No. ___). No appropriate response has been filed in accordance with Local Rule 2002-4. Accordingly, it is:

    **ORDERED:**

1. Secured Creditor's Motion for Relief from Automatic Stay is GRANTED.
2. The automatic stay imposed by 11 U.S.C. § 362 is terminated as to the Secured Creditor's

interest in the following property located at 7616 213th Street E, Bradenton, Florida 342002 in Manatee County, Florida, and legally described as:

> A PORTION OF TRACT 41, IN SECTION 29, TOWNSHIP 35 SOUTH, RANGE 20 EAST, OF POMELLO PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 6, AT PAGE 61, OF THE PUBLIC RECORDS OF MANATEE COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:
>
> FROM THE SOUTHEAST CORNER OF SECTION 29, TOWNSHIP 35 SOUTH, RANGE 20 EAST, RUN NORTH 87 DEGREES 40'51" WEST, A DISTANCE OF 1346.59 FEET TO THE POINT OF BEGINNING; THENCE NORTH 88 DEGREES 44'41" WEST, A DISTANCE OF 193.72 FEET TO A POINT OF CURVATURE WITH A CURVE TO THE RIGHT HAVING A RADIUS OF 1275.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE TO THE RIGHT, A DISTANCE OF 137.02 FEET THROUGH A CENTRAL ANGLE OF 06 DEGREES 09'27" TO A POINT OF REVERSE CURVATURE WITH A CURVE TO THE LEFT HAVING A RADIUS OF 1325.00 FEET; THENCE WESTERLY ALONG THE ARC OF SAID CURVE TO THE LEFT, A DISTANCE OF 305.82 FEET THROUGH A CENTRAL ANGLE OF 13 DEGREES 13'27"; THENCE NORTH 00 DEGREES 05'48" EAST ALONG THE WEST LINE OF SAID TRACT 41, A DISTANCE OF 475.16 FEET; THENCE SOUTH 88 DEGREES 44'41" EAST, A DISTANCE OF 636.71 FEET; THENCE SOUTH 00 DEGREES 14'23" WEST, A DISTANCE OF 480.08 FEET TO THE POINT OF BEGINNING.

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secured Creditor to exercise any and all *in rem* remedies against the property described above. Secured Creditor shall not seek an *in personam* judgment against Debtor(s).
4. Secured Creditor is further granted relief in order to contact the Debtor(s) by telephone or written correspondence in order to discuss the possibility of a forbearance agreement, loan modification, refinance agreement or loan workout/loss mitigation agreement.
5. The Secured Creditor's request to waive the 14-day stay period pursuant to Bankruptcy Rule 4001(a)(3) is granted.
6. Attorneys' fees in the amount of $345.00 and costs in the amount of $181.00 are awarded for the prosecution of this Motion for Relief from Stay, but are not recoverable from the Debtor(s) or the Debtor(s)' Bankruptcy estate.

###

Attorney, Christopher P. Salamone, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.